IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXCIO

IN RE:  THOMAS FRANCIS YOUNG
and CONNIE AGELINA YOUNG,

       Debtors.                             U.S. Bankruptcy Case No. 20-11844-t7

THOMAS FRANCIS YOUNG and
CONNIE ANGELINA YOUNG,

       Debtors/Appellants,

       vs.                                      Civ. No. 23-55  MIS/JFR

YVETTE J. GONZALES, Chapter 7 Trustee,
DEUTSCHE BANK TRUST COMPANY
AMERICAS, ALEX NETTEY, and BK
ENTERPRISES,

       Appellees.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on the *Chapter 7 Trustee's Motion to Dismiss Appeal as Moot and In the Alternative, Dismiss Improper Parties*, filed May 17, 2023 ("Motion to Dismiss").  Doc. 19.  On May 24, 2023, Debtors/Appellants filed a response in opposition.[2]  Doc. 20.  On June 5, 2023, Appellee Chapter 7 Trustee ("Trustee") filed a Reply.  Doc. 22.  Having reviewed the parties' submissions and the relevant law, and for the reasons set forth herein, the Court finds the Trustee's Motion to Dismiss is well taken and recommends that it be **GRANTED.**

---

[1] By an Order of Reference filed January 23, 2023 (Doc. 2), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

[2] The Court is mindful that it must liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney.  *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## PROCEDURAL BACKGROUND

On January 19, 2023, Debtors/Appellants filed a Notice of Appeal and Statement of Election to the United States District Court.[3]  Doc. 1.  Therein, Debtors/Appellants indicate they are appealing the Bankruptcy Court's Order Granting Chapter 7 Trustee's Application to Employ Barker Real Estate Services LLC as Real Estate Broker ("Real Estate Broker Order"), Motion for Stay of Relief,[4] and Judgment entered January 5, 2023.[5]  Doc. 1-1 at 1.  On February 9, 2023, the Bankruptcy Clerk filed a Notice of Inability to Transmit Record on Appeal and stated:

> The Bankruptcy Clerk is unable to assemble and transmit the Record on Appeal to the U.S. District Court.  Appellants have failed to file the Designation of items to be included in the Record on Appeal and the Statement of Issues to be presented, as required by Fed. R. Bankr. P. 8009(a)(1).

Doc. 3 at 1.  On March 16, 2023, the Court *sua sponte* entered an Order to Show Cause.  Doc. 4  On March 22, 2023, Debtors/Appellants filed a Statement of Issues to be Presented (Doc. 5)[6] and Designation of Items To Be Included in the Record on Appeal (Doc. 6).  Thereafter, on May 8, 2023, the Bankruptcy Court Clerk filed a Certificate of Transmission of Record on Appeal and Index to Record on Appeal indicating the appellate record was complete.  Doc. 14.  On May 10,

---

[3] Debtors/Appellants indicate they are appealing an "Order granting chapter 7 Trustee To Employ Barker R.E. Services and Sales Co." and attached to the Notice the first page of the Bankruptcy Court's Order Granting Chapter 7 Trustee's Application To Employ BK Hub Real Estate Services, LLC as Real Estate Broker, filed January 5, 2023.  Doc. 1-1. They list the grounds for filing the appeal as (1) failure to notify Debtors; (2) failure to name indispensable parties; (3) change of service company or loan company Residential Accredit Loans Inc. without notification; (4) change of servicing company without specific approval; and (5) failure to notify all creditors and debtors.  *Id.*

[4] A stay relief order in favor of Deutsche Bank Trust Company, Americas, as trustee, is the subject of a separate appeal filed by Appellants and not before this Court.  *See* USDC NM Civ. No. 23-17 WJ/DLM, Doc. 1.

[5] The Real Estate Broker Order was entered on January 5, 2023.  Doc. 16 at 21-25.  There is no document titled "Judgment" entered on that date nor does the Real Estate Broker Order indicate it is a "judgment."  *See* Docs. 16, 17 (Transmission of Record on Appeal and Index to Record on Appeal).

[6] Debtors/Appellants list five issues in their Statement of Issues To Be Presented.  Doc. 20 at 2.  The issues are (1) the bankruptcy court erred when it entered the Order allowing BK Global [sic] to work on the property; (2) due process was not used; (3) failure to name indispensable parties; (4) change of service company or loan company Residential Accredit Loans Inc. without notification; and (5) change of servicing company without specific approval.  Doc. 5 at 1.

2023, this Court entered an Order Setting Briefing Schedule. Doc. 15. On May 11, 2023, the Bankruptcy Court Clerk filed a Certificate of Transmission of Amended Record on Appeal and Index to Record on Appeal. Doc. 17. On May 11, 2023, this Court entered an Amended Order Setting Briefing Schedule. Doc. 18. Pursuant to the Order, Appellants' Opening Brief is due June 12, 2023; Appellees' Response is due July 12, 2023; and Appellants' Reply is due July 26, 2023. *Id.*

## **MOTION TO DISMISS**

On May 17, 2023, the Trustee filed the Motion to Dismiss currently at issue before the Court. The Trustee requests that the Court (1) dismiss Debtors/Appellants' appeal as moot because the issues raised were not presented to the bankruptcy court or, in the alternative, (2) dismiss Deutsche Bank Trust Company Americas, Alex Netty, and BK Enterprises as improper parties to this appeal. Doc. 19 at 1. The Trustee explains that on January 5, 2023, the Bankruptcy Court entered the Real Estate Broker Order, which approved the employment of BK Hub Real Estate Services, LLC, as a real estate broker for the Trustee.[7] *Id.* at 3. The Trustee explains that Debtors/Appellants allege in their appeal that they were not given proper notice of the Real Estate Broker Order, that the Real Estate Broker Order should not have been entered for lack of notice and specific approval, and that unspecified indispensable parties were not joined.

---

[7] On December 2, 2022, the Trustee filed an Application to Employ BK Hub Real Estate Services LLC As Real Estate Broker. Doc. 16 at 5-10. The Application explains that on September 23, 2020, Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and that on June 4, 2021, it was converted by stipulation of the parties to a Chapter 7 proceeding. *Id.* A Chapter 7 trustee was appointed at that time. *Id.* As part of the bankruptcy proceedings, Debtors disclosed on their Schedule A real property they owned located at 1574 Wilderness Gate Rd., Santa Fe, New Mexico, to which they claimed a $50,000 exemption and on which Deutsche Bank Trustee Company Americas and First American Bank have asserted liens. *Id.* The Trustee has made efforts since August 2021 to market the property and previously employed BK Global Real Estate Services and Barker Realty Company, LLC, to assist in doing so. *Id.* Due to a business reorganization, BK Global ceased offering short sale brokerage in bankruptcy services to bankruptcy trustees and BK Hub was subsequently formed in its place to provide those services. *Id.* The Application, therefore, sought to employ BK Hub Real Estate Services in place of BK Global to market the Santa Fe property. *Id.*

3

*Id.* at 2. The Trustee argues, however, that there is no indication in the record that Debtors/Appellants asserted any objections to entry of the Real Estate Broker Order in the first instance nor did they seek relief from its entry in the second instance in the Bankruptcy Court as they were required to do before filing an appeal. *Id.* The Trustee argues that an appellate court cannot decide on appeal an issue not raised before the trial court. *Id.* at 3. Because the issues Debtors/Appellants raise on appeal were not raised before the trial court, the Trustee argues that "there is no issue before this Court upon which relief can be afforded, and it should be dismissed as moot." *Id.* The Trustee also argues that Deutsche Bank Trust Company Americas, Alex Netty, and BK Enterprises should be dismissed because Debtors/Appellants improperly named them as appellees when the record shows that the bankruptcy estate was the *only* litigant with respect to the Real Estate Broker Order. *Id.*

In their Response, Debtors/Appellants contend a lack of due process because they were not given notice or an opportunity to be heard on the Real Estate Broker Order.[8] Doc. 20 at 2. Debtors/Appellants contend that in "March, April, and May 2023, they began packing and then moved from Santa Fe, NM to Los Lunas, NM." *Id.* Debtors/Appellants further contend that the Trustee is in error by arguing they never objected to the Real Estate Broker Order because they have repeatedly questioned the Bankruptcy Court's decisions and orders throughout the

---

[8] Debtors/Appellants state they listed five issues in their Statement of Issues To Be Presented. *See* Doc. 20 at 2, *see also* fn. 6, *supra*. Nonetheless, all of the issues, but for a conclusory assertion regarding the failure to name indispensable parties, are tethered to an alleged failure to receive notice. Indeed, in their Response, Debtors/Appellants focus solely on the due process/notice issue related to the Real Estate Broker Order. Doc. 20 at 2. The Court, therefore, limits its analysis to this argument. *See generally* Federal Rule of Appellate Procedure 28(a)(8)(A), which requires that an appellant's brief contain their "contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relief." "Consistent with this requirement, [the Court] routinely [has] declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also In re Kelley*, 703 F. App'x 668, 673-74 (10th Cir. 2017) (the Court may decline to exercise its discretion to address incoherent and perfunctory statements).

Chapter 7 proceedings, including allowing the Trustee to hire *any* real estate broker/services and then making Debtors/Appellants pay for it. *Id.* Finally, Debtors/Appellants contend the case law relied upon by the Trustee for the applicable legal standards has no bearing on this case.

In her Reply, the Trustee asserts that Debtors/Appellants do not deny never having raised their notice claim before the Bankruptcy Court and that the proper procedure was to request relief pursuant to Rule 60 in that court. Doc. 22 at 2. The Trustee reasserts that this case relates only to Debtors/Appellants' appeal of the Real Estate Broker Order and that Debtors/Appellants have offered no justification for naming Deutsche Bank Trust Company Americas, Alex Netty and BK Enterprises as parties who were not litigants with respect to that order. *Id.* at 2-3. Last, the Trustee argues that to the extent Debtors/Appellants intended to appeal the *Default Order Granting Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH9's Motion for Relief From Automatic Stay*, filed December 22, 2022, as part of this action, that order is the subject of Debtors/Appellants' Notice of Appeal in USDC NM Civ. Case No. 23-17. Doc. 22 at 3. The Trustee, therefore, argues that addressing that order here would be duplicative and requires dismissal. Doc. 22 at 3.

## **ANALYSIS**

Pursuant to the Debtors/Appellants' Notice of Appeal, the issue on appeal before this Court relates solely to the Real Estate Broker Order. Doc. 1-1.[9]

The Record on Appeal demonstrates that on November 4, 2021, Debtors entered a Notice of Change of Address requesting that the Clerk of the Bankruptcy Court amend the official Court

---

[9] *See* fns. 3, 4 and 8, *supra*.

Matrix to reflect their new address.[10]  Doc. 16 at 4.  Approximately one year and 133 court filings later, on December 2, 2022, then Trustee Daniel White[11] filed an Application to Employ BK Hub Real Estate Services LLC as Real Estate Broker.[12]  *Id.* at 5-10.  On December 2, 2022, Trustee White also filed a Notice of Deadline for Filing Objections to Chapter 7 Trustee's Application To Employ BK Hub Real Estate Services LLC As Real Estate Broker.[13]  *Id.* at 13-15.  Attached to the Notice is a Label Mailing Matrix for noticing, dated December 2, 2022, which includes notice to the Debtors/Appellants at their stated address in the Notice of Change of Address, *i.e.,* 2 Cimarron Pass, Santa Fe, NM 87508-1442.[14]  *Id.* at 19.  On January 5, 2023, the Bankruptcy Court entered the Real Estate Broker Order stating, *inter alia*, as follows:

> I.  On December 2, 2022, the Trustee served notice of filing the Application (the "**Notice**"), pursuant to Fed. R. Bankr. P. 2002, to all creditors and other parties in interest as shown on the mailing matrix maintained by the Court, specifying an objection period of twenty-one (21) days from the date of mailing, plus (3) days based upon service by mail, for a total of twenty-four (24) days;
>
> J.  On December 2, 2022, the Trustee filed the Notice with the Court (Doc. No. 465);
>
> K.  The Notice was appropriate in the particular circumstances;
>
> L.  The deadline to object to the Application, including three days added under Fed. R. Bankr. P. 9006(f), expired on or before December 27, 2022;
>
> M.  ***No objections to the Application were filed, timely or otherwise***;

---

[10] The new address noted in the Notice of Change of Address was 2 Cimarron Pass; Santa Fe, NM  87508.  Doc. 16 at 4.  The Notice of Change of Address is Document 331 in the Bankruptcy Court's Docket.  *Id.*

[11] Effective 04/06/2023, Yvette J. Gonzales was substituted for Daniel A. White as the Chapter 7 Trustee of the Thomas and Connie Young Bankruptcy Estate.  Doc. 11.

[12] *See* fn. 7, *supra*.  The Application to Employ BK Hub Real Estate Services LLC as Real Estate Broker is Document 464 in the Bankruptcy Court's Docket.  Doc. 16 at 5-10.

[13] The Notice of Deadline for Filing Objections to Chapter 7 Trustee's Application To Employ BK Hub Real Estate Services LLC as Real Estate Broker is Document 465 in the Bankruptcy Court's Docket.  Doc. 16 at 13-15.

[14] The Label Matrix for Mailing is Document 465-1 in the Bankruptcy's Court's Docket.  Doc. 16 at 16-19.

      N.      The Application is well taken and should be granted as provided herein; and

      O.      No just reason exists to delay entry hereof.

Doc. 16 at 24 (emphasis added).

The Record on Appeal, therefore, demonstrates that Debtors/Appellants did not file timely objections to the Chapter 7 Trustee's Application to Employ BK Hub Real Estate Services LLC as Real Estate Broker. Doc. 16 at 24. The Record on Appeal also demonstrates that Debtors/Appellants did not seek relief from the Real Estate Broker Order in the Bankruptcy Court proceedings pursuant to Fed. R. Civ. P. 60 on grounds they had not received notice. *See* Doc. 17 (Index to Record on Appeal); *see also* Fed. R. Bankr. P. 9024 (providing that Fed. R. Civ. P. 60 *Relief From a Judgment or Order* applies in cases under the Bankruptcy Code). Instead, on January 19, 2023, Debtors/Appellants filed their Notice of Appeal in this Court alleging, without more, they did not receive notice regarding the Real Estate Broker Order.[15] In their Response to Appellee's Motion to Dismiss, they explain only that in March, April and May 2023 – months after the Application, Notice and Order were entered – they were packing and moving from Santa Fe, NM to Los Lunas, NM.[16] Doc. 20 at 2. Debtors/Appellants also argue they would have made objections to the Real Estate Broker Order but for lack of notice. *Id.*

Debtors/Appellants do not dispute that they did not seek relief in the Bankruptcy Court from the Real Estate Broker Order and that they are making their notice-and-opportunity-to-be-

---

[15] Notably, Debtors/Appellants have not indicated a lack of notice regarding any of the 133 court filings made between the Notice of Change of Address entered on November 4, 2021, and the Application, Notice and Order at issue in this case entered in December 2022 and January 2023.

[16] Debtors/Appellants do not argue a change of address nor did they enter a notice regarding a changed address during the relevant period of time as a result of their move from Santa Fe, NM to Los Lunas, NM. *See* Fed. R. Bankr. P. 4002(a)(5) ("the debtor shall . . . (5) file a statement of any change of the debtor's address.").

heard argument as to that order for the first time on appeal.[17]  Arguments raised for the first time on appeal are not preserved for review.  *See In re Williams*, 49 F. App'x 845, 849 (10th Cir. 2002) (explaining that a reviewing court will not consider arguments not passed upon below).  This waiver rule applies to bankruptcy appeals in the district court.  *See Merrill v. Abbott* (*In re Indep. Clearing House Co.*), 77 B.R. 843, 877 (D. Utah 1987) (applying the "well settled law" that "issues not presented to the trial court need not be considered on appeal").  As such, Debtors/Appellants' appeal of the Real Estate Broker Order on due/process notice grounds is not properly before this Court.

Additionally, while the Tenth Circuit has indicated that a district court has discretion to consider some issues not addressed by the bankruptcy court, that discretion does not apply here.  *See Eastland Mortgage Co. v. Hart (In re Hart)*, 923 F.2d 1410, 1413-14 (10th Cir. 1991), *overruled on other grounds by Indep. One Mortgage Corp. v. Wicks (In re Wicks),* 5 F.3d 1372 (10th Cir. 1993) (explaining district court can address certain dispositive issues on appeal from bankruptcy court to district court).  This discretion applies only to legal, and not factual, issues.  *Robinson v. Tenantry (In re Robinson),* 987 F.2d 665, 669 (10th Cir. 1993).  Here, whether Debtors/Appellants received notice is a question of fact.  *Id.; see also In re Nelson*, No. 01-12016, 2002 WL 32667216, at *3 (Bankr. D. Kan. Feb. 26, 2002) (citing *In re American Prop., Inc.,* 30 B.R. 239, 244 (Bankr. D. Kan. 1983) ("Denial of receipt [of notice] does not, as a matter

---

[17] Debtors/Appellants also do not dispute that they did not file objections to the Application To Employ BK Hub Real Estate Services LLC As Real Estate Broker.  *See generally Marris v. Ulloa-Marquez*, No.CIV-14-471, 2014 WL 3670255, *1 (W.D. Okla. July 22, 2014) (explaining that the failure to timely object based on an alleged lack of notice does not provide a basis for an exception to the "firm waiver rule" because parties are responsible for giving notice of any change of address; *see also In Re Brown*, 446 B.R. 270 (8th Cir. BAP 2011) (finding that a party that fails to object to a motion cannot seek review of an adverse decision on that motion on appeal).

8

of law, rebut the presumption [of notice], but rather creates a question of fact.")).[18]  Any discretion the Court may have, therefore, does not apply.

Based on the foregoing, this Court finds it can order no meaningful relief to Debtors/Appellants' appeal seeking relief from the Real Estate Broker Order.  The Court finds, therefore, that Debtors/Appellants' appeal is constitutionally moot and requires dismissal.  *See Search Mkt. Direct, Inc. v. Jubber (In re Paige),* 584 F.3d 1327, 1330 (10th Cir. 2009) (explaining that an appeal of a bankruptcy court order is constitutionally moot where "the appellee demonstrates that a court could order no meaningful relief to the party seeking reversal of the bankruptcy court's decision.").

## CONCLUSION

The Court finds that Appellee Chapter 7 Trustee's Motion to Dismiss Appeal as Moot is well taken and recommends that it be **GRANTED**.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[18] The general rule of presumption of notice by mail is rebuttable with evidence of non-receipt by the addressee.  *In re Walker,* 125 B.R. 177 (Bankr. E.D. Mich. 1990).  However, where the notice involves a mailing from a bankruptcy court, and a certification of mailing is in the record, an allegation of denial of receipt does not, by itself, rebut the presumption of proper notice.  *In re Bucknum*, 951 F.2d 204, 206-07 (9th Cir. 1991).  "The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."  *In re Ricketts*, 80 B.R. 495, 498 (9th Cir. BAP 1987) (Jones, B.J., concurring).